**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **IRALDO PEREDA MENDEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-717-KC** |
| | § | |
| **FIELD OFFICE DIRECTOR,** *U.S.* | § | |
| *Immigration and Customs* | § | |
| *Enforcement,* | § | |
| | § | |
| **Respondent.** | § | |

<u>**SHOW CAUSE ORDER**</u>

On this day, the Court considered Iraldo Pereda Mendez's Petition for a Writ of Habeas

Corpus, ECF No. 1, Motion for Immediate Release ("Emergency Motion"), ECF No. 2, and

Motion to Prevent Transfer ("Transfer Motion"), ECF No. 3.  Pereda Mendez is detained at El

Paso Camp East Montana.  Pet. ¶ 6.  He argues that his detention is unlawful and asks the Court

to order his release.  *Id.* at 2–3.

Pereda Mendez is a citizen of Cuba who was ordered removed in 2017.  *Id.* ¶¶ 1, 8.

However, Pereda Mendez was not removed.  *See id.* ¶ 2.  Instead, he was released under an

Order of Supervision ("OSUP").  *Id.*  "From 2017 through 2025, [Pereda Mendez] fully

complied with all conditions of his [OSUP]."  *Id.*  On August 18, 2025, immigration officials

detained Pereda Mendez again.  *Id.* ¶¶ 4–5.  Pereda Mendez alleges that "Cuba has not issued

travel documents" and thus his "removal is not reasonably foreseeable."  *Id.* ¶ 8.

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention."  *Zadvydas v.

Davis*, 533 U.S. 678, 688 (2001).  Once a habeas application is filed, a court "shall forthwith

award the writ or issue an order directing the respondent to show cause why the writ should not

be granted, unless it appears from the application that the applicant or person detained is not entailed thereto."  The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline.  28 U.S.C. § 2243.

Generally, when a noncitizen is ordered removed from the United States, removal should occur within ninety days.  8 U.S.C. § 1231(a)(1)(A).  That removal period ordinarily begins when the noncitizen is subject to a final order of removal.  *See id.* § 1231(a)(1)(B).  During this removal period, "the Attorney General shall detain the alien."  *Id.* § 1231(a)(2)(A).  The removal period may be extended in at least three circumstances.  Relevant here, a noncitizen may be detained beyond the removal period if he is "(1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order."  *Johnson v. Guzman Chaves*, 594 U.S. 523, 528–29 (2021) (citing 8 U.S.C. § 1231(a)(6)).

If any of these grounds apply, the statute imposes no limit on the time a person may be detained.  Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal.  *Zadvydas*, 533 U.S. at 689–90.  This period is presumptively six months.  *Id.* at 701.  After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen.  *Id.*

Pereda Mendez alleges that he has been detained for more than six months.  Pet. ¶ 7.  And that he was previously deemed unremovable to Cuba and that Cuba has not issued travel

documents on his behalf.  *See id.* ¶¶ 1–2, 8.  If these allegations are true, Pereda Mendez likely meets his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 689–90.  Thus, Respondents must rebut this showing by either demonstrating that Pereda Mendez's removal is likely in the reasonably foreseeable future or deporting him.

Accordingly, the Court determines that Respondents must show cause why the Court should not grant Pereda Mendez the relief he seeks by March 23, 2026.

Pereda Mendez separately seeks an order prohibiting his transfer to any other detention facility while his case is pending.  Transfer Mot. 1.  However, Pereda Mendez's transfer to another facility may allow him to be more feasibly removed from the country.  Transportation to a different facility would not divest this Court of jurisdiction over the habeas Petition.  *See Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *3 (W.D. Tex. Nov. 7, 2025).  Accordingly, the Court declines to exercise its discretion to prevent transfer at this time.

As for Pereda Mendez's request that he be immediately released pending adjudication of his Petition, *see* Emergency Mot. 1, even crediting his likelihood of success on the merits of his Petition, the Court cannot issue the ultimate relief requested until Respondents have an opportunity to respond.  *See Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *see also Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) ("[T]he Court pauses to note a temporary restraining order is meant only to 'preserve, for a very brief time, the status quo, so as to avoid irreparable injury . . .'") (citations omitted).

Accordingly, the Court **ORDERS** that Pereda Mendez's Emergency Motion, ECF No. 2, and Transfer Motion, ECF No. 3, are **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by **no later than March 23, 2026**, why the application for a writ of habeas corpus should not be granted and specify:

(1) What concrete steps have been taken to effectuate Pereda Mendez's removal,

(2) What obstacles exist to effectuating Pereda Mendez's removal, such as issuance of travel documents, or identifying a country for removal,

(3) What concrete steps have been taken to address the existing obstacles, and

(4) The anticipated timeline for Pereda Mendez's removal from the United States.

The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 17th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE